# In the United States District Court for the Southern District of Georgia Brunswick Division

GRANT PARKER SHUMANS,

    Plaintiff,

v.

TWITTER, INC. and X CORP.,

    Defendants.

2:23-CV-73

## ORDER

Before the Court is Plaintiff Grant Shumans's complaint, dkt. no. 1, which qualifies as a shotgun pleading. For the reasons below, Plaintiff is **ORDERED** to file a more definite statement of his claims.

## BACKGROUND[1]

Plaintiff initiated this action against Twitter Inc. and X Corp. on June 14, 2023. Dkt. No. 1. He asserts claims for violation of his First and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983, as well a claim for intentional infliction of

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016). Additionally, the Court is required to liberally construe pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

emotional distress.  Id. at 8.  He seeks $1,600,000 in damages. Id. at 4.

The factual allegations of Plaintiff's complaint are as follows, in their entirety.

> Twitter employees engaged in a joint conspiracy with the Federal Motor Carriers Association (FMCSA) to violate my Fourteenth Amendment right to due process of law.  It acted jointly with Groendyke Transport Inc. to remove my health certificate from the FMCSA database so it would be easier for Sumter County South Carolina Magistrate Judge B. Keith Griffin to entrap me with a fake simulated charge of driving on a suspended commercial license on October 14, 2020.  Twitter employees, Judge Griffin, and Groendyke Transport were engaged in a targeted cyber bullying campaign so they would be able to harass me via electronic computer to deprive me of my Fourteenth Amendment right to due process of law.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982).  It only got worse from there.  Twitter's original decision to violate my constitutional rights caused many more constitutional violations.  I decided to respectfully rectify the situation by seeking relief from the Southern District of Georgia and it caused the entire system to be activated against me.  Employees of Twitter were actively engaged in a cyber bullying and harassment campaign against me until new management assumed control of the company in late 2022.  The original fake charge of driving on a suspended license caused me to be detained for supposedly driving on a suspended license for a third time by officer Brandon Bryant of the Lumber City Georgia Traffic Police on August 8, 2022.  Being Twitter employees were still actively engaged in a virtual harassment and cyber bullying campaign against me, it can be held liable for jointly conspiring to illegally detain me, which was another violation of my Fourteenth Amendment right.  The original charge that lacked due process of law caused the second and third.  When Twitter decided to retaliate against me for seeking relief from the Southern District of Georgia, it impeded my First Amendment right to redress my government for grievances see *United States v. Grace* 461 U.S. 171 (1983).  Also see *Adickes v. S.H. Kress & Co.*, 389 U.S.

2

```
144 (1970).  Some Twitter users continue to advocate
violence against me and are advocating a harmful
environment so I can be easily exploited and bullied.
It would be easy to create a safe and responsible
environment so the platform could prioritize growth.
```

## LEGAL STANDARD

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

**DISCUSSION**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. BellSouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." Weiland, 792 F.3d at 1321. The one most relevant here is a complaint that "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not

4

obviously connected to any particular cause of action." Id. at 1322.

Plaintiff's complaint contains numerous factual allegations that are not obviously connected, either to each other or any particular cause of action. The complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief," and, therefore, does not meet the pleading requirements of Rule 8. Further, Plaintiff's complaint contains no numbered paragraphs—indeed, it consists of one long paragraph, which plainly is not "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The complaint is therefore a shotgun pleading.

"[D]istrict courts have a 'supervisory obligation,' under Rule 12(e), to *sua sponte* direct a plaintiff to better plead his complaint 'when a shotgun complaint fails to adequately link a cause of action to its factual predicates.'" Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) (quoting Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1275 (11th Cir. 2006)). Further, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam). Accordingly, Plaintiff is **ORDERED** to file a more definite statement of his claims within

5

**twenty (20) days** of the date of this Order.  His failure to do so will result in dismissal of this action.  Further, Plaintiff is warned that his failure to clearly assert sufficient facts to state a claim for relief in an coherent manner will result in dismissal of this case.

## CONCLUSION

Plaintiff is **ORDERED** to file a more definite statement of his claims, as directed above, within **twenty days** of the date of this Order.

**SO ORDERED** this 21st day of June, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA